Chief Justice Simpson
delivered the opinion ofthe Court.
This was an action of ejectment by the junior paten-tee, against persons holding and claiming under the elder patent, and the plaintiff having recovered a judgment, the defendants have appealed to this Court.
The principal question to be determined, is, whether a junior patentee who has had such a possession of the land, as is contemplated by the statute of 1809, (% Digest Stat. Law, 1141,) for seven years, can maintain an action of ejectment against the elder patentee, or those claiming under him, if he or they should subsequently acquire the possession.
It is well settled that a continued adverse possession of land for twenty years, not only bars any right of entry, which other persons, not laboring under any dis- ■ ability may have had, but that it confers upon the per- *380 sonso possessed, a right of entry; and as the right of entry and of possession are alone triable in the action of ejectment, he has a right of action to recover the possession against any person who may have wrongfully acquired it.
Seven years possession of land by a junior paten tee or thoso claiming under him, does not expressly bar the right of entry of the elder paten-tee under the act oft809 (2 Slat. Laws 1141,) unless it be continued up to the bringing of the notion by the elder patentee. And if a possession be continued for 7 years .and abandoned, or be vacant, & the elder p»ien-lee enter, the junior puleniee, cannot main la hi ejectment on his previous poss-esion of seven years.
*380 It has also been held by this Court that an adverse possession of slaves or other personal property for five years, so that the bar arising under the statute of limitations becomes complete, not only deprives the actual owner of all remedy for the recovery of the property, but also divests the legal right which becomes vested in the adverse holder, so that he can, if the property comes into the possession of the former proprietor, maintain a suit against him for it: (5 Litt. 282. 3 J. J. Marshall 278, 368, 374. 6 Litt. 439.)
In the former case where there lias been an adverse possession of land for twenty yeais, claimants laboring under no disability, are under the statute of limitations, barred from any entry afterwards, and having no right of entry, cannot maintain an action of ejectment to recover the possession. And in the case of personal property the statute of limitations having operated to divest the actual owner of all legal remedy for the recovery of the property, the legal right to it is also lost, and vests'in the person who has liad an adverse possession for five years.
But seven years possession under the act of 1809, by a junior patentee or those claiming under him, does not expressly bar the right of entry of the elder patentee, nor does it deprive him of the right, at all subsequent time, after a seven years possession has been had, and has been discontinued, to maintain a suit for the land that has been thus adversely held in possession. By the second section of the act it is provided: “That possession as aforesaid to bar the actions or suits aforesaid,, must and shall have cofttinued for the aforesaid term of seven years next preceding the commencement of any such suit or action.” Under this provision, a possession for seven years at a previous time, but which *381 has not been continued until the suit is brought, will not bar the action of the elder patentee.
A possession of land for 7 years, under the act of 1809, does not toll ilie light of entiy of an el-derpatentee; but only gives to the junior patentee a defenceagainst a recovery by the elder patentee or those claiming Under him, whilst it continues.
The statute was evidently enacted to protect, the actual settler, and that protection was to be extended to him, so long as be continued his residence upon the land. But if after having resided upon, and having it in his possession for seven years, he should quit the possession, and afterwards return and regain it, he would not be able to protect himself against the claim of the older patentee by relying upon his former possession of seven years. If a possession under the statute for seven years does not bar the right of entry of other claimants, or deprive them of all legal remedy during all subsequent time, and under all circumstances, for the enforcement of the right, as it is apparent that it does n. t, it follows, ns a necessary consequence, that it cannot have the effect to transfer the right of entry to the person who has had such a possession for seven years, or to enable him to maintain an action of ejectment against the holder of the better title, or those claiming under him. The very reason upon which the doctrine is founded, which vests the right, in the cases of twenty years’ possession of land, and five years’ possession of personal property, in the party in possession, demonstrates its inapplicability to a seven years’- possession under the act of 1809. When a possession is of such a character as to deprive others of all legal remedy to recover the thing held in possession, it imparts to the person in possession a right to the thing thus held. But under provisions of the statute of 1809, a possession for seven years does not have that effect. It does not take away the right of entry of the elder patentee, nor does it deprive him in all time to come of all legal remedy for the enforcement of that right, as is illustrated by the example already given; but it only affords the junior patentee a defence against any suit by the elder patentee, or those claiming under him, whilst he continues by himself or his tenants, his possession bf the land by 'residence thereon. .And it does not even fur *382 nish him with a defence against claimants having a superior title under the same grant. He cannot, therefore, upon such a possession, maintain an action of ejectment, against any person who has an elder and better title than himself. If a possession for seven years under the statute, when once had, is not a valid defence to a suit for the land brought by the elder patentee, or those claiming under him, founded upon the right of entry, although the suit may be brought after the pos. session by residence has been discontinued, it ¡«perfectly obvious that the possession for seven years does not have the legal effect to divest the right of entry of the elder patentee ; for if it did, he w'ould be unable at any future time to maintain a suit upon it. But as the statute provides that the possession, to be an effectual bar to the suit, must have been continued for the term of seven years next preceding the commencement of such suit, it follows that such a possession at a previous period, and not for the seven years next preceding the commencement of the action, will not operate as a bar nor prevent a recovery by the claimant, and does not, therefore, have the legal effect to divest him of the right of entry, or to confer it upon the person who had been thus in possession for seven years. Had it not been for this peculiar provision, contained in the second section of the statute, and which, by its operation, forbids such a deduction, this Court would have been inclined to have given to a possession of seven years by residence upon the land, so far as persons claiming under adverse entries or patents were concerned, a similar effect to that which is produced upon all claimants, not laboring under any disability, byan adverse uninterrupted possession of twenty years. But when all the provisions of the statute are considered, such a conclusion cannot be arrived at, consistently with the established principles of law.
The Court therefore erred in its instruction to the jury that a possession for seven years enabled the plaintiff to maintain the action.
A possession lo he available as a defence under the act of 1809 is by residence upon the land— argu.
Appenon for plaintiffs.
It has been repeatedly decided by this Court that the possession contemplated by the act of 1809, is a possession bjr residence upon the land. The Court therefore erred in its instructions to the jury upon this subject. Possession by improving and cultivating, and thus occupying the land, is insufficient to entitle the person thus in possession to the benefit of the act of 1809.
One of the surveys used upon the trial is not contained in the record; and it does not appear from the other testimony that the plaintiff ever had any possession within the interference between the two patents. If such be the fact, the plaintiff never had any possession of the land in controversy, and all the instructions in his favor predicated upon the existence of such a possession, were unsustained by the testimony.
Wherefore the judgment is reversed and cause remanded for a new trial and further proceedings consistent with this opinion.